IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ZACORIUS GLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:19-cv-327-ECM |
| | ) | (WO) |
| WAYNE FARMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are a motion to dismiss filed by Defendant Wayne Farms, LLC ("Wayne Farms") (Doc. 10) on June 14, 2019, and a motion to amend filed by Plaintiff Zacorius Glanton ("Glanton") (Doc. 16) on July 15, 2019.

On May 7, 2019 Glanton filed a complaint against Wayne Farms, bringing a hostile work environment claim pursuant to Title VII of the Civil Rights Act of 1964 (count one), a claim of constructive discharge pursuant to Title VII (count two), a state-law claim of outrageous conduct (count three), a state-law claim of invasion of privacy (count four), a state-law battery claim (count five), and a state-law negligent supervision claim (count six) (Doc. 1).

After Wayne Farms moved to dismiss the complaint, Glanton moved to file an amended complaint, attaching a proposed amended complaint, and stating that the amendment would cure deficiencies identified by Wayne Farms. (Doc. 16 & 16-1).

Upon consideration of the complaint, the proposed amended complaint, and the briefs of the parties, and for the reasons that follow, the motion to amend is due to be

GRANTED to the extent that Glanton will be allowed the opportunity to file an amended complaint.

## I.      FACTS

The allegations of the complaint are as follows:

Glanton was an employee of Wayne Farms from March 1 to July 18, 2018. Glanton's employment was constructively terminated on July 18, 2018.

Glanton identifies another employee of Wayne Farms, Allen Stephenson ("Stephenson"), as a person who sexually harassed him. Glanton complained about unwanted touching to his supervisor who at first laughed off the behavior, and then agreed to move Glanton to another line. Glanton alleges that management observed Glanton and Stephenson later that same day, and that Glanton then went to the office and reported Stephenson's conduct. (Doc. 1, at p. 3-4).

Glanton acknowledges that management moved him after his complaint, but states that Stephenson did not stop his inappropriate behavior. According to Glanton, Stephenson touched him inappropriately on a weekly basis. On June 29, 2018, after Stephenson threatened to physically fight Glanton, members of management took Glanton to human resources where he again complained. Glanton alleges that Stephenson was still trying to get his attention after the meeting with human resources, so Glanton left the floor and has not returned to Wayne Farms. (Doc. 1, at p. 5-7).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U. S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### B. Motion to Amend

Generally, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) does not require an amendment where "there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties," or where

the amendment would be futile. *Local 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting v. Ga. Power Co.*, 684 F.2d 721, 724 (11th Cir.1982).

### III. DISCUSSION

Wayne Farms moves to dismiss all of the counts of Glanton's complaint and opposes amendment of the complaint on the ground of futility. Initially, Wayne Farms moved to dismiss the hostile environment claim on the ground that Glanton has not alleged that action was taken against him on the basis of his gender. In response, Glanton has proposed an amendment to the complaint to make it clear that the actions he has identified were taken against him on the basis of his gender. (Doc. 16-1, at p. 3). Wayne Farms concedes that this aspect of the proposed amended complaint "would arguably cure" a pleading deficiency. (Doc. 18, at p. 2).

Wayne Farms does not, however, concede that the proposed amendment cures all of the pleading deficiencies identified in the motion to dismiss. In fact, Wayne Farms argues that the federal hostile environment and state-law outrageous conduct, invasion of privacy, and battery claims are all due to be dismissed and any amendment is futile because Glanton has not alleged a basis for holding the employer, Wayne Farms, liable for the actions of Stephenson, a co-worker of Glanton. Wayne Farms also contends that the allegations of Glanton's complaints to management at Wayne Farms do not plead sufficiently severe conditions to support a claim of constructive discharge or knowledge to

support a negligent supervision claim.[1] Wayne Farms' position is that its response to the first complaint of misconduct and the lack of opportunity to respond to the second mean that Glanton has failed to state any claim in this case.

In a case in which there is federal claim based on an allegation of harassment by a co-worker, "the employer will be held directly liable if it knew or should have known of the harassing conduct but failed to take prompt remedial action." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (11th Cir. 2014). An employee who complains about harassment by a coworker must prove either actual or constructive knowledge of the employer. *Id.* Similarly, under Alabama law, a complaining employee must show that the employer had knowledge of the tortious conduct of the offending employee and failed to take adequate steps to remedy the situation. *Potts v. BE & K Const. Co.,* 604 So. 2d 398, 400 (Ala. 1992). An inadequate response to a complaint also can support a negligent supervision claim. S*ee Stevenson v. Precision Standard, Inc*., 762 So. 2d 820, 825 (Ala. 1999) (stating "the manner in which a sexual-harassment complaint is handled when sexual harassment has, in fact, occurred could form the basis for a claim for negligent or wanton supervision.").

In this case, in his brief in opposition to the motion to dismiss, Glanton argues that he made "at least three complaints" before he left the worksite. (Doc. 15, at p. 4). Upon review of the complaint and proposed amendment complaint, there appear to be only three

---

[1] In its reply, Wayne Farms states that Glanton abandoned his negligent supervision claim, but Glanton referred to that claim in opposition to dismissal (Doc. 15, at p. 9) and included it in his proposed amended complaint. (Doc. 16-1, at p. 15).

complaints identified, and it is unclear whether Glanton intended to allege more than three complaints. Glanton also argues in his brief that the employer's action in response to his complaint was not sufficient to stop Stephenson's conduct, but he does not allege sufficient facts in the complaint or the proposed amended complaint to show that management was aware, or should have been aware, of any continued conduct after action was taken in response to a complaint.

Generally, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). Deficiencies of pleading exist in the complaint and proposed amended complaint, as discussed above, but it may be that a more carefully drafted complaint, which is consistent with Glanton's arguments in his brief, will adequately state a claim. Therefore, the court finds that the requirements of Rule 15 are met, and that Glanton will be allowed to file an amended complaint to more adequately plead the facts of his hostile environment, constructive discharge, and negligent supervision claims, and the facts upon which he bases Wayne Farms' liability for the federal claims and the state-law claims of outrageous conduct, invasion of privacy, and battery.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to Amend (Doc. 16) is GRANTED to the following extent:

1. Glanton is given until **September 6, 2019** to file a new, amended complaint which is complete unto itself, consistent with the requirements of Local Rule 15.1.

2. The new, amended complaint should include facts to support an allegation that actions taken against Glanton were taken on the basis of his gender, should clarify the facts alleged to support a constructive discharge theory, should allege the facts which support knowledge for a state-law claim of negligent supervision, and should more clearly allege the facts which Glanton contends provide a basis for employer liability, including the number and timing of complaints of misconduct Glanton made.

Done this 23rd day of August, 2019.

    /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE